UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

CARLOS DION MOORE ]
    Plaintiff, ]
]
v. ] No. 3 06 0839
] Judge Campbell
CORRECTIONS CORPORATION OF ]
AMERICA, ET AL. ]
    Defendants. ]

M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America; Lisa Edwards, the Health Administrator for the prison; and Donna White, Director of Health Services for the Tennessee Department of Correction; seeking damages.

Last November, the plaintiff suffered a knee injury while playing basketball. He claims that medical personnel at the South Central Correctional Center failed to provide him with timely and adequate care for the injury in violation of his constitutional rights.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor,

451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In the complaint, the plaintiff describes how his knee was x-rayed following the mishap. When the knee began to swell, the plaintiff was taken to the Wayne County Medical Center for an MRI. The MRI revealed that the plaintiff had torn "something in my knee and had a Baker's cist [sic] on the back of my leg." Eventually the plaintiff had surgery to repair the knee which has not responded well. According to the plaintiff's description, the defendants have not been deliberately indifferent to his serious medical needs. The plaintiff has been provided care for the injured knee. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.[1]

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir.1976). Medical malpractice does not become a constitutional tort merely

---

[1] In his recitation of the facts, the plaintiff never mentions any of the defendants by either name or title.

because the victim is a prisoner. Estelle, 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law.

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge